FILED
SUPERIOR COURT
OF GUAM

2019 MAR 14 AM 11: 56

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| MEGA UNITED CORP. LTD, | |
| Plaintiff, | CIVIL CASE NO. CV0748-18 |
| vs. | |
| | DECISION AND ORDER |
| GUAM ECONOMIC DEVELOPMENT AUTHORITY, OFFICE OF PUBLIC ACCOUNTABILITY, and THE TERRITORY OF GUAM, | |
| Defendants. | |

## INTRODUCTION

This matter is before the Honorable Vernon P. Perez on Defendant Territory of Guam's ("Government of Guam" or "the Government") Motion to Dismiss filed September 28, 2018, and Defendant Guam Economic Development Authority's ("GEDA") Motion to Dismiss filed October 1, 2018. Attorney Thomas J. Fisher represents GEDA, Assistant Attorney General Shannon Taitano represents the Government of Guam, Attorney Anthony R. Camacho represents the Office of Public Accountability ("OPA") and Attorneys Joyce C.H. Tang and Dean A. Manglona represent Plaintiff Mega United Corp. Ltd ("Mega United"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

This matter stems from the Public Auditor's dismissal of OPA-PA-17-007 based on Mega United's failure to timely appeal GEDA's April 10, 2017 Final Decision. *See generally,*

*Mega United Corp. v. GEDA, OPA, & Territory of Guam*
Case No. CV0748-18
Decision and Order

Verified Compl., Jul. 31, 2018. On November 4, 2013, GEDA issued IFB No. 2014-002 ("IFB"), seeking bids for construction of the Farmers' Cooperative Association of Guam Facility and Relocation of the Dededo Flea Market ("Construction Project"). *Id.* at ¶ 8; Ex. 1. On January 16, 2014, GED issued a Notice of Intent to Award in favor of Mega United. *Id.* at ¶¶ 10-11; Ex. 3,4, 5. The Construction Project was substantially completed on or about December 17, 2015. *Id.* at ¶ 13; Ex. 6. The date of final completion was on January 17, 2016, and the constructed facility was turned over to the Farmers Co-op on January 26, 2016. *Id.*

Mega United subsequently made a claim against GEDA for delay damages occurring under the Construction Contract. (Verified Compl., Ex. 11 (Ex. B, D)). On April 10, 2017, GEDA issued a Final Decision, denying Mega United's demand for delay damages based on untimeliness. *Id.* at ¶ 17; Ex. 8.

On June 15, 2017, Mega United appealed the Final Decision to the Public Auditor, commencing OPA-PA-17-007. *Id.* at ¶ 19; Ex. 7. Mega United sought for an adjustment of the contract price due to prolonged delay in the amount of $460,081 plus attorney's fees and costs. (Verified Compl., Ex. 7). On August 1, 2017, the Public Auditor dismissed Mega United's appeal on jurisdictional grounds, finding the appeal untimely. *Id.* at ¶ 23; Ex. 12.

Mega United now moves the Court to find that the Public Auditor's dismissal was arbitrary, capricious, clearly erroneous, or contrary to law, and that the Public Auditor erred by making findings of law and facts concerning the merits of the appeal after determining the appeal lacked jurisdiction. *Id.* at ¶¶ 24-35.

On September 26, 2018, the OPA filed its Answer to the Verified Complaint. On September 28, 2018, the Government of Guam filed a Motion to Dismiss pursuant to Guam Rules of Civil Procedure ("GRCP") 12(b)(1) and 12(b)(6). On October 1, 2018, GEDA also filed a Motion to Dismiss pursuant to GRCP 12(b)(6). On October 26, 2018, OPA filed a Non-Opposition to the Government of Guam's Motion to Dismiss, and Mega United filed its Opposition to the Government of Guam's Motion to Dismiss. On October 29, 2018, Mega United filed its Opposition to GEDA's Motion to Dismiss, and the Government of Guam filed a

Non-Opposition to GEDA's Motion to Dismiss. On November 9, 2018, the Government of Guam filed its Reply to Mega United's Opposition to the Motion to Dismiss.

On December 13, 2018, both Motions to Dismiss were taken under advisement pursuant to Rule 7.1(E) of the Local Rules of the Superior Court of Guam.

## DISCUSSION

### I. Government of Guam's Motion to Dismiss

The Court will first address the Government of Guam's Motion to Dismiss. The Government moves the Court to dismiss Mega United's Complaint, or in the alternative dismiss Government of Guam as a Defendant, pursuant to GRCP Rules 12(b)(1) and 12(b)(6).[1] *See generally*, Mot. Dismiss, Sep. 28, 2018.

### A. Whether the matter should be dismissed for lack of subject matter jurisdiction

The Government first moves the Court to dismiss this matter under Rule 12(b)(1) because the Court has no subject matter jurisdiction. *Id.* The Government argues that jurisdiction is lacking in this matter because (1) the "Public Auditor does not have jurisdiction over disputes having to do with money owed to or by the Government of Guam" under 5 G.C.A. § 5703(b), and (2) Mega United failed to exhaust all administrative remedies. *Id.* at 2-4.

In opposition, Mega United argues that the Public Auditor did not address whether jurisdiction was proper if the appeal involved money owed by the Government of Guam, and therefore such argument should not be the basis for the Court's review of subject matter jurisdiction at this time. (Opp'n at 2, Oct. 26, 2018). Further, Mega United argues that because the OPA appeal "expressly excluded claims for money damages, it was not obligated to exhaust administrative remedies under the Government Claims Act with respect to the appeal." *Id.* at 3. Lastly, Mega United argues that even if the Court finds that the Public Auditor lacked jurisdiction over the appeal or that Mega United failed to exhaust its administrative remedies under the Government Claims Act, the Court would still have jurisdiction over Count II of the

---

[1] GEDA's Motion to Dismiss similarly moves the Court to dismiss the matter for lack of jurisdiction. *See generally*, Mot. Dismiss, Oct. 1, 2018.

Complaint as to whether the Public Auditor clearly erred by making findings of fact and conclusions of law concerning the merits of the appeal. *Id.* at 3-4.

"The jurisdiction of the Superior Court is invoked when a petition or complaint is filed. While subject-matter jurisdiction relates to a court's competency and exists both before and after an action, a party seeking relief on a particular subject must properly invoke the jurisdiction." *Teleguam Holdings, LLC v. Territory of Guam*, 2018 Guam 5 ¶ 20.

Title 5 G.C.A. section 5707 provides that "[a]ny person receiving an adverse decision, the government or any autonomous agency or public corporation, or both, may appeal from a decision by the Public Auditor to the Superior Court of Guam as provided in Article D of Chapter 9 of this Chapter." Article D of Chapter 9 includes 5 G.C.A. § 5480, Waiver of Sovereign Immunity in Connection with Contracts. Under section 5480,

> The Superior Court of Guam shall have jurisdiction over an action between the Territory and a bidder, offeror, or contractor, either actual or prospective, to determine whether a solicitation or award of a contract is in accordance with the statutes, regulations, and the terms and conditions of the solicitation. The Superior Court shall have such jurisdiction in actions at law or in equity, and whether the actions are for monetary damages or for declaratory, or other equitable relief.

5 G.C.A. § 5480(a). Section 5480 further provides that "[a]ll actions permitted by this Article shall be conducted as provided in the Government Claims Act." The Government Claims Act requires that a claim against the Government be filed with the Claims Officers responsible for the department or agency against which the claim is made. *See* 5 G.C.A. § 6201.

In this case, the Public Auditor dismissed the procurement appeal based on untimeliness. *See* Verified Compl., Ex. 12 (Decision Re Purchasing Agency's Motion To Dismiss). The Public Auditor found that she "has the authority to review decisions concerning contract and breach of contract controversies" pursuant to 5 G.C.A. § 5706(a), but that "appeals concerning decisions regarding contract or breach of contract controversies must be filed . . . within sixty (60) days" after any of the events occurring under 5 G.C.A. §§ 5427(e) and (f); 5706(a) and (b); and 2 G.A.R. Div. 4 Chapter 12 § 12113(a). *Id.* The procurement appeal was dismissed, however, because the Public Auditor found that the appeal was filed three days after the

expiration of the sixty day period. *Id.* The issue of whether the appeal was properly before the Public Auditor "because it involve[d] monies owed by the Government of Guam" was deemed moot, as the appeal was untimely. *Id.*

The Court finds that it has jurisdiction to review the Public Auditor Decision to determine whether the dismissal based on untimeliness was "arbitrary, capricious, fraudulent, clearly erroneous, or contrary to law" pursuant to 5 G.C.A. §§ 5704(a); 5706; and 5707(a). What remains, however, is whether Mega United failed to exhaust all administrative remedies by not complying with the Government Claims Act.

Section 5707(a) provides that judicial review of an adverse decision by the Public Auditor is to be conducted pursuant to Article D of Chapter 9. As noted earlier, Article D of Chapter 9 includes 5 G.C.A. § 5480 which provides that "[a]ll actions permitted by this Article shall be conducted as provided in the Government Claims Act." 5 G.C.A. § 5480(f). Further, the Supreme Court of Guam has held that "the Procurement Law controls actions against the Government of Guam for contracts procured under the statute, however, in breach of contract suits where monetary relief is sought, the Procurement Law serves as the final administrative remedy that is a prerequisite to filing a claim pursuant to the Claims Act." *Pac. Rock Corp. v. Dep't of Educ.,* 2001 Guam 21 ¶ 1 (internal quotation marks omitted). "[T]he current disposition of the Procurement Law is that it no longer confers a waiver of sovereign immunity for breach of contract cases for monetary relief. The Procurement Law remains applicable to such cases, however, through 5 GCA §§ 5427(a)-(f), which in effect, provide the last administrative remedy that a claimant must exhaust before pursuing legal recourse." *Id.* at ¶ 33. The Supreme Court of Guam has clarified that "to the extent that 5 GCA § 5480(f) refers to the Claims Act, it is consistent to read it as requiring procedural similarities, rather than actually requiring a party to file under both the Government Claims Act and Guam's Procurement Law, a requirement which we have expressly disavowed." *Town House Dep't Stores, Inc. v. Dep't of Educ.,* 2012 Guam 25 ¶ 34.

What is before the Court at this time is judicial review of the Public Auditor's Decision dismissing the procurement appeal for lack of jurisdiction. The two counts set forth in the

Verified Complaint do not include claims for breach of contract. *See* Verified Compl. ¶¶ 24-35. The relief sought by Mega United is for the Court to find that the Public Auditor's dismissal was arbitrary, capricious, clearly erroneous, or contrary to law, and to remand the matter back to the OPA. *Id.* at 5. Accordingly, the Court finds that Mega United was not required to exhaust administrative remedies under the Government Claims Act, and the Court will not dismiss the matter based on a lack of subject matter jurisdiction.

B. **Whether Defendant Government of Guam should be dismissed for failure to state a claim upon which relief can be granted**

The Government next moves the Court to dismiss itself as a Defendant under GRCP Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

When considering a Rule 12(b)(6) dismissal, the Court must:

> construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim. Dismissal for failure to state a claim is appropriate *only if it appears beyond doubt that the non-moving party can prove no set of facts in support of his claim which would entitle him to relief.*

*Taitano v. Calvo Fin. Corp.*, 2009 Guam 9 ¶ 6 (internal citations and quotation marks omitted) (emphasis added). *See also Core Tech Intern. Corp. v. Hanil Engineering & Const. Co., Ltd.*, 2010 Guam 13 ¶ 52. A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Guam law only requires a short and plain statement of the claim showing entitlement to relief." *Ukau v. Wang*, 2016 Guam 26 ¶ 52. "In ruling on a 12(b)(6) motion, a court's consideration is limited to the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated into the complaint by reference, and documents on which the complaint heavily relies." *Newby*, 2010 Guam 4 ¶ 14 (citation omitted). Courts, however, "may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." *Id.* at ¶ 16 (citation omitted).

In this case, the Government argues that the Complaint fails to state a cause of action because "Plaintiff's Complaint does not allege a cause of action against the Government of

Guam and it does not request relief from the Government of Guam." (Mot. Dismiss at 7, Sep. 28, 2018). The Government argues "GEDA alone is the appropriate entity to be sued" and "the Government of Guam is not liable for the actions of an autonomous agency." *Id.* at 6.

Mega United named the Government of Guam as a defendant in its Verified Complaint, stating it is a "proper party and has waived sovereign immunity pursuant to 5 G.C.A. § 5480(a) and (c)." (Verified Compl. ¶ 5). Title 5 G.C.A. § 5480 provides that

> The Superior Court of Guam shall have jurisdiction over an action between the Territory and a bidder, offeror, or contractor, either actual or prospective, to determine whether a solicitation or award of a contract is in accordance with the statutes, regulations, and the terms and conditions of the solicitation. The Superior Court shall have such jurisdiction in actions at law or in equity, and whether the actions are for monetary damages or for declaratory, or other equitable relief.

5 G.C.A. § 5480(a). "In order to invoke a waiver of sovereign immunity, the bidder, offeror, or contractor, either actual or prospective, must sue the Territory of Guam, by either naming the Territory of Guam or the relevant agency or government entity from which it seeks relief." *Town House Dept. Stores*, 2012 Guam 25 ¶ 33 (citing 5 G.C.A. § 5480(a)). GEDA is a public, non-profit corporation with the authority to be sued in its own corporate name. *See* 12 G.C.A. §§ 50101(a) and 50104(d). *See also* 5 G.C.A. § 6102 (GEDA is an autonomous agency). Mega United's complaint does not allege a cause of action or a prayer for relief against the Government of Guam. Accordingly, the Court finds that Mega United has failed to state a claim upon which relief can be granted as to Defendant Government of Guam and dismisses the Government of Guam as a defendant.

## II. GEDA's Motion to Dismiss

GEDA similarly moves the Court to dismiss the matter for lack of jurisdiction, based on a failure to file a government claim and exhaust all available administrative remedies. *See generally*, Mot. Dismiss, Oct. 1, 2018. The Court hereby DENIES GEDA's Motion to Dismiss based on the reasoning noted above in Section I(A).

//

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS IN PART the Government of Guam's Motion to Dismiss and DENIES GEDA's Motion to Dismiss. The Court will not dismiss the matter in its entirety, but will dismiss the Government of Guam as a defendant. Further Proceedings are set for May 3, 2019 at 9:00 a.m.

**IT IS SO ORDERED** this 14th day of March, 2019.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

T. FISHER, ACT
A. CANTRELLO, TANG
P. MANGLONA

Date: 3/14/19   Time:

Deputy Clerk, Superior Court of Guam